IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.

Case No. 4:96cr20-WS
Case No. 4:05cv454-WS/WCS

KENNETH LAMAR ELLINGTON,

    Defendant.

_____/

## REPORT AND RECOMMENDATION TO SUMMARILY DISMISS § 2255 MOTION

    Defendant filed a pro se motion to vacate sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law. Docs. 55 and 56.

    Defendant raises two grounds in support of his § 2255 motion. He challenges the enhancement of his sentence based on facts not admitted by him or found by a jury beyond a reasonable doubt (ground one), relying on United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Doc. 56, pp. 4-7. He also asserts ineffective assistance of counsel for failing to challenge the enhancement of sentence asserted in ground one. *Id.*, pp. 7-8.

There is a one year time limit for filing a § 2255 motion, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255.

Defendant Ellington's conviction became final on October 20, 1997, when the Supreme Court denied certiorari review.  Ellington v. United States, 522 U.S. 939, 118 S.Ct. 352, 139 L.Ed.2d 274 (1997) (mem.).  If the one year commenced from the date the conviction became final under clause (1), the § 2255 motion is unquestionably untimely.

The other commencement date arguably applicable, for a "right . . . newly recognized by the Supreme Court" under clause (3), does not apply here because the right recognized in Booker, Blakely, and Apprendi has not been "made retroactively applicable to cases on collateral review."  Varela v. United States, 400 F.3d 864, 867 (11th Cir.), *cert. denied*, __ U.S. __, 126 S.Ct. 312 (2005) (Blakely and Booker do not apply retroactively on collateral review); McCoy v. United States, 266 F.3d 1245, 1256-

58 (11th Cir. 2001), *cert. denied*, 536 U.S. 906 (2002) (Apprendi does not apply retroactively on collateral review).[1]

It is therefore respectfully **RECOMMENDED** that the § 2255 motion (doc. 55) be **SUMMARILY DISMISSED** as untimely.

**IN CHAMBERS** at Tallahassee, Florida, on January 4, 2006.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

---

[1] *See also* Guzman v. United States, 404 F.3d 139, 140 (2d Cir. 2005) (agreeing with the Sixth, Seventh, Tenth, and Eleventh Circuits that Booker is not retroactive) (citing Varela, other citations omitted); Lloyd v. United States, 407 F.3d 608, 615-616 (3d Cir. 2005) (joining the other circuits, collecting cases).

Case Nos. 4:96cr20-WS and 4:05cv454-WS/WCS